**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Raymond L. NESS, Defendant-Appellant.**

**No. 80–1530.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 1981.

Decided Aug. 7, 1981.

Rehearing Denied Sept. 17, 1981.

Morgan C. Taylor, Newport Beach, Cal., for defendant-appellant.

Paul H. Rochmes, Asst. U. S. Atty., Los Angeles, Cal., argued, for plaintiff-appellee; Fredrick M. Flam, Asst. U. S. Atty., Los Angeles, Cal., on brief.

Before NELSON and CANBY, Circuit Judges, and WILKINS,* District Judge.

PER CURIAM:

Appellant Ness was charged with willfully filing a false W-4 form, in violation of 26 U.S.C. § 7205. The evidence showed that Ness filed an exempt W-4 claiming, under penalty of perjury, that he had had no income tax liability in the prior year, and expected none for the year in which he filed the W-4. That claim was false. The evidence further showed that Ness renewed his claim for exemption from withholding even after the Internal Revenue Service notified him that he was ineligible, and that he could be criminally prosecuted for falsifying his W-4.

We find all of Ness's arguments on this appeal to be without merit and, therefore, affirm.

* Hon. Philip C. Wilkins, District Judge for the Eastern District of California, sitting by designation.

## I

### Selective Prosecution

Ness contends that, at a pretrial hearing, he made a nonfrivolous prima facie showing that he was a victim of selective prosecution, but was improperly denied the discovery and hearing necessary to prove his claim. Hence, Ness argues that his case should be remanded for an evidentiary hearing on that issue. *See United States v. Oaks*, 508 F.2d 1403 (9th Cir.1974). Ness is mistaken both as to the sufficiency of his showing and as to the adequacy of the pretrial procedures afforded him.

■ To succeed on a claim of selective prosecution a defendant has the burden of establishing that others similarly situated have not been prosecuted and that the allegedly discriminatory prosecution of the defendant was based on an impermissible motive. *See United States v. Wilson*, 639 F.2d 500, 503–04 (9th Cir.1981). Ness failed to make an adequate prima facie showing on either prong of that test.

■ While he showed that similarly situated members of his tax protest group had also been prosecuted, Ness did not show a single instance of a similarly situated but nonprotesting violator who had *not* been prosecuted. *See United States v. Steele*, 461 F.2d 1148, 1151–52 (9th Cir.1972). The fact that access to the Government's files might be helpful to a defendant seeking to prove discriminatory prosecution does not relieve him of the burden of making an initial showing, nor does that fact, in itself, entitle every defendant raising such a claim to discovery.[1] *See United States v. Murdock*, 548 F.2d 599, 600 (5th Cir.1977); *United States v. Berrios*, 501 F.2d 1207, 1211–12 (2d Cir.1974); *Steele*, 461 F.2d at 1151–52. *See also* Fed.R.Crim.P. 16(a)(1)(C).

■ Ness also failed to suggest any discrimination in the decision to prosecute him. To make out a prima facie case of selective prosecution a defendant must show evidence of impermissible motive at some crucial stage in the procedures leading to the initiation of prosecution. *Compare Steele*, 461 F.2d at 1151–52 (discriminatory investigation taints prosecution where normal procedures for selecting cases for prosecution have apparently been bypassed), *with United States v. Erne*, 576 F.2d 212, 216–17 (9th Cir.1978) (discriminatory investigation does not taint prosecution where prosecutor's decision is independent and based on nondiscriminatory policies). Ness made no showing that the Government focused its investigation on him because of first amendment protest activities. Nor did he show any discriminatory policies underlying the selection of cases for prosecution. Tax violations are *not* a protected form of political dissent. Insofar as a protest group engages in such violations, it is obvious that *proper* prosecutorial considerations, such as deterrence of widespread tax evasion, will inevitably lead to the prosecution of numerous protest violators. *See United States v. Catlett*, 584 F.2d 864 (8th Cir.1978); *United States v. Gardiner*, 531 F.2d 953, 954 (9th Cir.), *cert. denied*, 429 U.S. 853, 97 S.Ct. 145, 50 L.Ed.2d 128 (1976).

■ Moreover, the record before us reveals that at the hearing on his motion Ness was granted an opportunity to present evidence on his claim but declined to do so, contending that he needed more time to prepare. The requirement that a defendant must make a nonfrivolous showing before becoming entitled to an evidentiary hearing on a selective prosecution claim is not to be employed as a tactical device to delay orderly prosecution. *See also, Murdock*, 548 F.2d at 600. Ness was granted a hearing. No reason appears to justify his failure even to attempt to subpoena witnesses or to request discovery of documents that he believed might aid his claim. Hence, we need not consider whether, in the event that he had done so and had also made out a prima facie case, it would be error not to grant a continuance if the Government resisted proper

---

1. We note further that in this case the record does not contain any motion for discovery adequate under Fed.R.Crim.P. 16(a)(1)(C). Discovery could properly be denied on that basis alone.

efforts to assemble the evidence necessary to carry his burden of proof.

## II

### Other Issues

■ Ness complains that evidence of a slide show, that allegedly misled him into believing he was eligible to claim exemption from withholding, was improperly excluded. Both Ness and the lecturer testified as to the content of the slide show. Hence, presentation of the slide show was properly excluded as cumulative. *See* Fed.R.Evid. 403. Moreover, Ness's request to introduce that content by way of such a presentation was properly denied as potentially confusing to the jury. *See Cooley v. United States*, 501 F.2d 1249 (9th Cir.1974), *cert. denied*, 419 U.S. 1123, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975).

■ The judge's comments on the theories Ness claimed to rely on for his belief that he was entitled to an exemption from withholding were not inaccurate. Insofar as the judge's colorful language may have been inappropriate, his curative instruction was sufficient to offset any prejudicial inferences his comments might have suggested. *See generally Smith v. United States*, 305 F.2d 197, 205 (9th Cir.), *cert. denied*, 371 U.S. 890, 83 S.Ct. 189, 9 L.Ed.2d 124 (1962).

■ Ness was not entitled to have the jury instructed in precisely the form he requested. The instructions that were given were correct, adequate and fair. *See United States v. Buras*, 633 F.2d 1356 (9th Cir.1980); *United States v. Pallan*, 571 F.2d 497, 501 (9th Cir.), *cert. denied*, 436 U.S. 911, 98 S.Ct. 2249, 56 L.Ed.2d 411 (1978). The instruction, that a political belief that the law is wrong will not suffice to negate a finding of willfulness, was entirely appropriate in this case. The mistaken belief that a statute is unconstitutional and that one has the right to violate it is not a "mistake of law" such as will provide a defense to a charge of willful violation. *See United States v. Kelley*, 539 F.2d 1199, 1204 (9th Cir.), *cert. denied*, 429 U.S. 963, 97 S.Ct. 393, 50 L.Ed.2d 332 (1976). Finally, it

was not error to refuse to instruct the jury that recklessness is not the equivalent of willfulness. *See United States v. Pomponio*, 429 U.S. 10, 12, 97 S.Ct. 22, 23, 50 L.Ed.2d 12 (1976); *Pallan*, 571 F.2d at 501; *Cooley*, 501 F.2d at 1253 n.4; *United States v. Bengimina*, 499 F.2d 117 (8th Cir.1974).

The judgment is AFFIRMED.