**UNITED STATES OF AMERICA, Plaintiff**

v.

**ALFRED WILSON and RAY PARRIS, Defendants**

Criminal No. 81/66

District Court of the Virgin Islands

Div. of St. Croix

January 20, 1982

ERIC MARCEY, ESQ., Assistant United States Attorney, Christiansted, St. Croix, V.I., *for plaintiff*

WINSTON HODGE, ESQ., DEREK HODGE, ESQ., Christiansted, St. Croix, V.I., *for defendant Wilson*

ALBERT SHEEN, ESQ., Christiansted, St. Croix, V.I., *for defendant Parris*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

Defendants Parris and Wilson moved this Court to dismiss the judgment against them on the grounds of selective enforcement of the Virgin Islands drug laws.[1] They allege that the incidence of arrests and convictions for black and Puerto Rican individuals in the Virgin Islands for violation of the drug laws is so disproportionately high as to violate the constitutional mandate of equal protection. The motion will be denied and the matter set for trial.[2]

 Equal protection of the laws is guaranteed by virtue of the Fourteenth Amendment to the constitution. A federal defendant is

---

[1] The motion was made prior to the commencement of the trial. The Court on September 30, 1981, ordered an in camera hearing to be held on the motion after allowing an appropriate time for discovery to elapse.

[2] The disposition of this motion was orally placed on the record at the November 23, 1981, session of court. The Court herewith sets forth the basis upon which that disposition was reached.

furnished the same guarantee by the Due Process Clause of the Fifth Amendment. Bolling v. Sharpe, 347 U.S. 497 (1954). Both guarantees are made applicable to the Virgin Islands by virtue of § 3 of the Revised Organic Act of 1954. Equality of the law is not limited to enactment but extends to its application. Yick Wo v. Hopkins, 118 U.S. 356, 373-74 (1886).[3] Mere selectivity is not constitutionally prohibited. Oyler v. Boles, 368 U.S. 448, 456 (1954); United States v. Steele, 461 F.2d 1148, 1151 (9th Cir. 1972). To successfully invoke the defense one must show the selection was based on an impermissible standard such as race, religion or other "arbitrary classification." Oyler, supra, at 456. "The burden of proving such discrimination by a preponderance of the evidence falls clearly on the complaining party." Barton v. Malley, 626 F.2d 151, 155 (10th Cir. 1980).

▮ The Second Circuit enunciated a two prong test to be used in making determinations in those cases where a claim of selective enforcement is advanced.

> To support a defense of selective or discriminatory prosecution, a defendant bears the heavy burden of establishing, at least prima facie, (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion or the desire to prevent his exercise of constitutional rights. These two essential elements are sometimes referred to as an "intentional and purposeful discrimination."

United States v. Berrios, 501 F.2d 1207, 1211 (2d Cir. 1974).[4] In Berrios the defendant was convicted of violation of 29 U.S.C. § 504.

---

[3] Yick Wo involved discretionary actions taken by city administrators regarding building codes and the discriminatory effect enforcement had on Chinese citizens. Any question as to the application of this standard to violation of criminal statutes has been resolved as "[t]he underlying principle has nevertheless been properly held to apply to the actions of prosecutors and police officers. [Citations omitted.]" United States v. Falk, 479 F.2d 616, 618 (7th Cir. 1973) (en banc).

[4] United States v. Wilson, 639 F.2d 500, 503-04 (9th Cir. 1981) discusses the development of case law relating to selective enforcement and whether the allegedly suspect prosecution is based on "arbitrary classifications," see Oyler, supra, at 456, "First Amendment rights," see Steele, supra, at 1151, or "constitutional rights," see Berrios, supra, at 1211. Prosecution on the basis of race would be invidious discrimination, violative of due process and equal protection.

He claimed he was prosecuted because some of his activities were allegedly offensive to then President Nixon. The question presented on appeal was the scope of the trial judge's discovery order.[5]

██ In United States v. Falk, 479 F.2d 616 (7th Cir. 1973) (en banc) the conviction for draft evasion was vacated and the case remanded for a hearing on the motion to dismiss for discriminatory prosecution. "The presumption is always that a prosecution for violation of a criminal law is undertaken in good faith and in nondiscriminatory fashion for the purpose of fulfilling a duty to bring violators to justice. However, when a defendant alleges intentional purposeful discrimination and *presents facts sufficient to raise a reasonable doubt* about the prosecutor's purpose, we think a different question is raised." Id. at 620–21. (Emphasis added.)

In United States v. Berrigan, 482 F.2d 171 (3d Cir. 1973) the trial court did conduct a hearing to receive evidence of discriminatory prosecution. The district court found that the prosecution and not "fall outside of the prescribed limits of the discretionary control of the executive over the prosecution of criminal cases." United States v. Amhad, 347 F.Supp. 912, 928 (M.D. Pa. 1972). On appeal, the Third Circuit affirmed, holding that "[A]ppellants here, . . . have submitted no convincing evidence of discriminatory prosecution . . . . Appellants were given the opportunity both at trial and at a special post-trial evidentiary hearing, to present facts tending to demonstrate that the prosecution was discriminatory. They failed to do so." *Berrigan, supra*, at 179 n.11.

The Ninth Circuit in United States v. Steele, 461 F.2d 1148, 1152 (9th Cir. 1972) reversed the conviction of an individual found guilty of violation of 13 U.S.C. § 221(a) (refusal to answer census questions). The defendant, at the trial level, introduced evidence showing that a minimum of ten persons were reported in Hawaii to have refused to complete the 1970 census form. Four of those persons, of whom defendant Steele was one, participated in a publicized resistance movement to the census. Background reports were obtained only on those four, and they were the only ones prosecuted. "The government offered no explanation of its selection of defendants, other than prosecutorial discretion. That answer will simply not suf-

---

[5] The trial judge had granted the hearing. The prosecution declined to comply with the judge's disclosure order because the order granted defendant access to the government's memorandum regarding the decision to prosecute and recited that the district court would review the memorandum and redact only confidential grand jury testimony. Berrios, supra, at 1210.

fice in this case. Since Steele had presented evidence which created a strong inference of discriminatory prosecution, the government was required to explain it away, if possible, by showing the selection process actually rested upon some valid ground." Id. at 1152. See United States v. Falk, 479 F.2d at 924 (when prima facie case presented, burden of proof of nondiscrimination will rest on government). The operative facts present in Steele and Falk do not exist here.

 The defendants in this case were given an opportunity to pursue discovery in order to obtain additional evidence to support their contention.[6] Parris and Wilson presented no new or additional evidence which would support their claim. Although the affidavits of Investigator Pedro Espinoza and Detective David McBean were sufficient to form a "colorable basis" for the holding of a hearing, they were not adequate to overcome the presumption of legitimacy of the decision to prosecute. See United States v. Berrios, 501 F.2d at 1211. The statements made in those affidavits might have warranted, if corroborated, the dismissal of the indictments. The two prongs of Berrios, however, have simply not been met. There was no actual showing that white individuals, "similarly situated," were not charged or prosecuted despite evidence of an identical kind or quality which the Government found to support the filing of informations against black or Puerto Rican defendants.[7] Defendants failed to show an "impermissible motive at some crucial stage in the procedures leading to the initiation of prosecution . . . . Nor did [they] show any discriminatory policies underlying the selection of cases for prosecution." United States v. Ness, 652 F.2d 890, 892 (9th Cir. 1981). To grant the motion to dismiss on the mere allegations presented here would set a dangerous precedent destructive of the executive privilege of selectivity authorized by the Constitution. The presumption of fair administration of the laws would be effectively curtailed if only the most cursory evidence could rebut the legitimacy of prosecutorial discretion.

The defendants have failed to meet the standard necessary to show selective enforcement. The motion is accordingly denied.

---

[6] The Court's order of September 30, 1981, provided for an in camera review of any government documents requested by defendants for determination of their discoverability.

[7] Statistics alone will not suffice. Although a racial imbalance in the prosecution of cases may give rise to a prima facie case, defendants cannot sustain their burden at the hearing stage only on the strength of numbers unrelated to invidious purpose.