**UNITED STATES of America, Plaintiff,**

v.

**Michael J. WYMAN, Defendant.**

**No. CR 82-0-52.**

United States District Court,
D. Nebraska.

Nov. 17, 1982.

## ORDER

BEAM, District Judge.

This matter is before the Court upon the defendant's ex parte application pursuant to *Fed.R.Crim.P.* 17(b) for issuance of subpoenas and payment of witness fees at government expense. The Court has held a conference with the defendant in chambers on the record to determine whether the defendant has met his burden of showing that "the presence of [each] witness is necessary to an adequate defense," as required by Rule 17(b).

The defendant seeks the attendance of these witnesses for three distinct purposes. The first group of witnesses are persons actively engaged in tax protest activities who have written books and other materials, conducted seminars and in two or three cases, actually consulted with the defendant on the issue of whether the defendant was required to file tax returns. Defendant contends that after reading such materials and attending said seminars and discussions, he became convinced that he need not file tax returns for certain years. While the testimony of the prospective witnesses would not be introduced to prove the truth of the content of their books, seminars, and interpretations of the law, the testimony would, according to the defendant, bear on the issue of the defendant's bona fide misunderstanding of the law, and thus the element of wilfulness in the charges against him.

The second group of witnesses are persons who reside in the vicinity of defendant's town and who adopted a similar approach to that of the defendant with respect to the filing of tax returns. The Internal Revenue Service has apparently pursued those persons under the civil penalties provisions of the Internal Revenue Code rather than seeking criminal prosecutions as in the case of the defendant. The defendant seeks to use the testimony of these witnesses to put the issue of his alleged selective prosecution before the jury.

The defendant contends that the third group of witnesses would be used to elicit evidence of fraud. These witnesses are the United States Attorney and the United States Magistrate for the District of Nebraska, as well as the Director of the Internal Revenue Service. Defendant's contention is that these officials participated in his prosecution notwithstanding their knowledge of the activities of the first group of prospective witnesses, that is, in misleading persons such as the defendant.

Addressing these groups of witnesses in reverse order, the Court finds as follows:

■ The defendant has failed to show that the three named officials can present any evidence which would be necessary to his defense or in fact would even bear on the issues in this case.

■ As to the second group of witnesses, the Court has previously ruled concerning the defendant's failure to make a prima facie showing of selective prosecution (see filing 37 at 7–8). The general rule is that the government has substantial discretion in deciding whom to prosecute and enjoys a presumption that prosecution for violation of a criminal law is undertaken in good faith (see cases cited in filing 62). The existence of two persons whom the Internal Revenue Service has pursued under civil sections of the Internal Revenue Code would not alter these facts.

The first group of witnesses poses a difficult dilemma for the defendant. In order to rebut the essential elements of knowledge and wilfulness in the charges against him, defendant seeks to compel the testimony of the persons whose books, seminars and advice allegedly caused the defendant to believe he need not file tax returns and could claim up to 25 exemptions from the withholding of taxes.

■ However, the testimony of particular witnesses that they wrote or said certain statements does not tend to prove or to

disprove the defendant's own state of mind. *See Fed.R.Evid.* 401. It cannot be presumed that people believe and rely upon everything they read or hear. Thus, the statements of authors and commentators, standing alone, would not be probative of the defendant's personally-held beliefs.

In a number of similar prosecutions under 26 U.S.C. §§ 7203 and 7205, other defendants have testified as to their *own* beliefs as the result of exposure to the kinds of information which influenced the defendant. *See, e.g., United States v. Ness,* 652 F.2d 890, 893 (9th Cir.), *cert. denied,* 454 U.S. 1126, 102 S.Ct. 976, 71 L.Ed.2d 113 (1981); *United States v. Farber,* 630 F.2d 569, 572 (8th Cir.1980), *cert. denied,* 449 U.S. 1127, 101 S.Ct. 946, 67 L.Ed.2d 114 (1981); *United States v. Karsky,* 610 F.2d 548, 550–51 (8th Cir.1979), *cert. denied,* 444 U.S. 1092, 100 S.Ct. 1058, 62 L.Ed.2d 781 (1980); *United States v. Ware,* 608 F.2d 400, 405 (10th Cir.1979). Such evidence may legitimately be considered by the trier of fact in determining whether the defendant had the requisite state of mind at the time of the alleged offenses. Thus, the defendant is faced with a decision whether to testify as to his own state of mind based on misinformation received or to exercise his constitutionally-protected privilege not to take the witness stand.

If the defendant does elect to testify as to what he heard and read and to his own beliefs as a result thereof, the books themselves and the testimony of their authors or those who conducted seminars would be, at best, cumulative and could well be confusing to the jury. *See, United States v. Ness, supra,* 652 F.2d at 893. Therefore, whether or not the defendant testifies in his own defense, the Court finds that the testimony of these prospective witnesses sought pursuant to *Fed.R.Crim.P.* 17(b) is not "necessary for an adequate defense."

IT IS THEREFORE ORDERED that the defendant's application for payment of witness fees pursuant to *Fed.R.Crim.P.* 17(b) is denied.

IT IS FURTHER ORDERED that this order be sealed with the record of the ex parte hearing and the documents submitted by the defendant at that time until further order of the Court.