**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Armen B. CONDO, Defendant-Appellant.**

**No. 82–1390.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 1983.

Decided July 5, 1984.

Christine W.S. Byrd, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Armen B. Condo, pro se.

Before SNEED, KENNEDY, and SCHROEDER, Circuit Judges.

PER CURIAM:

We affirm the convictions for violating 18 U.S.C. § 1341 (mail fraud through submission of false withholding forms), 26 U.S.C. § 7206(2) (willfully aiding the preparation of false W–4 forms), and 26 U.S.C. § 7205 (aiding the submission of fraudulent withholding exemption certificates).

Condo's first challenge to the tax laws derives from his alleged understanding of the constitutional reference to weights and measures and other references leading to his conclusion that current Federal Reserve notes are not valid currency, cannot be taxed, and are merely "debts." The Ninth Circuit has repeatedly rejected this theory as frivolous. *United States v. Kelley*, 539 F.2d 1199 (9th Cir.), *cert. denied*, 429 U.S. 963, 97 S.Ct. 393, 50 L.Ed.2d 332 (1976); *United States v. Gardiner*, 531 F.2d 953 (9th Cir.), *cert. denied*, 429 U.S. 853, 97 S.Ct. 145, 50 L.Ed.2d 128 (1976).

■ Condo's other tax theories are equally frivolous. His assertion that 26 U.S.C. § 7343 only applies to business entities and their employees ignores the word "includes" in the statute delineating the class of persons liable. The word "includes" expands, not limits, the definition of "person" to these entities. He asserts that the sixteenth amendment only allows taxing income from "sources" (entities and monopolies created by law), not persons. The sixteenth amendment authorization, however, is for a tax on income from whatever source derived.

Condo's various proposed jury instructions offered *pro se* were rejected by the trial court, and properly so.

■ We have previously addressed and denied Condo's selective prosecution claim. His indictment for both tax fraud and mail fraud was proper, since proof of different facts was required. *United States v. Piascik*, 559 F.2d 545, 551 (9th Cir.1977), *cert. denied*, 434 U.S. 1062, 98 S.Ct. 1235, 55 L.Ed.2d 762 (1978); *see also United States v. Miller*, 545 F.2d 1204, 1216 (9th Cir. 1976), *cert. denied*, 430 U.S. 930, 97 S.Ct. 1549, 51 L.Ed.2d 774 (1977) (mail fraud and tax fraud convictions upheld where defendant signed false tax returns and submitted them to the IRS through the mails).

■ The district judge properly denied Condo's requested immunity for certain defense witnesses. The witnesses were themselves the target of prosecutorial investigation, *see United States v. Turkish*, 623 F.2d 769, 778 (2d Cir.1980), *cert. denied*, 449 U.S. 1077, 101 S.Ct. 856, 66 L.Ed.2d 800 (1981), and the refusal to grant immunity to defense witnesses did *not* deprive Condo of a fair trial. *United States v. Alessio*, 528 F.2d 1079, 1081–82 (9th Cir.), *cert. denied*, 426 U.S. 948, 96 S.Ct. 3167, 49 L.Ed.2d 1184 (1976).

■ The district judge's refusal to dismiss for prosecutorial misconduct was not an abuse of discretion. There was no reversible error because of unauthorized persons present in the grand jury room. The case agent was there to aid the grand jury in handling bulky documents, his presence was fleeting, and any error was harmless. Condo was allowed to present his theories before the grand jury, and the Government's failure to present all exculpatory evidence is not a basis for dismissal. There is no showing of any prosecution misconduct so "flagrant" that the grand jury was "deceived." *United States v. Wright*, 667 F.2d 793, 796 (9th Cir.1982).

■ Condo's claims relating to the sixth amendment are likewise invalid. He was allowed to present his *pro se* instructions to preserve his constitutional theories on appeal. He showed no "special need," and there is no absolute sixth amendment right to *both* self-representation and assistance of counsel. *United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir.1981). The trial judge's refusal to allow him co-counsel status was not an abuse of discretion. Nor does Condo have a cognizable claim arising from his lack of counsel on appeal. Apparently, he argues that the trial judge should have ordered Your Heritage Protection Association (YHPA) to pay his counsel fees on appeal. While the appeal bond conditions may have made retention of counsel more

**240**

difficult, and although Condo's *in forma pauperis* motion was denied, his sixth amendment rights do not appear violated; Condo could have retained counsel on his own.

■ Condo's most substantial argument is that the Government did not prove his mental state satisfied the willful or intent to defraud requirement of the statutes. He suggests he relied on the advice of counsel. He originally developed his theories, however, without help from the legal profession. Condo received some later advice from several lawyers who were also tax protesters. Condo dismissed two attorneys, YHPA's counsel Barrett and Channell, after they eventually advised him his constitutional objections would not hold up. Condo also admitted he was aware as early as 1976 that his theories on the nontaxability of Federal Reserve notes had been rejected as frivolous by this court. He knew, as well, of several YHPA members' criminal convictions after they followed his program. Yet he continued to advise members of the unconstitutionality of the taxing system and aided in the preparation and mailing of the W–4 forms which gave rise to this criminal prosecution. Ample evidence at trial justified the jury's conclusion that Condo was not acting on reliance of counsel, but, instead, on his own initiative.

Condo also suggests that our recent decision in *United States v. Dahlstrom,* 713 F.2d 1423 (9th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 2363, 80 L.Ed.2d 835 (1984), requires reversal for failure to establish willful intent. In *Dahlstrom* we held that mere negligence as to the illegality of an improper tax avoidance scheme in a gray area of the law did not support a conviction for willfully aiding, assisting in, or counseling the preparation of a fraudulent tax return. *Id.* at 1426–28. Whatever the wisdom of *Dahlstrom* on its own particular facts, we cannot extend it to justify reversal of Condo's conviction. The constitutionality of the taxing system is not a gray area, but one delineated in the black and white of prior decisions Condo was aware of, decisions rejecting his theories as frivolous.

■ Condo is adamant in asserting the unconstitutionality of the taxing system. But a belief in the unconstitutionality of a law, no matter how tenaciously held, does not excuse its violation if, indeed, the law is upheld as constitutional. *United States v. Ness,* 652 F.2d 890, 893 (9th Cir.), *cert. denied,* 454 U.S. 1126, 102 S.Ct. 976, 71 L.Ed.2d 113 (1981); *United States v. Kelley,* 539 F.2d 1199, 1204 (9th Cir.), *cert. denied,* 429 U.S. 963, 97 S.Ct. 393, 50 L.Ed.2d 332 (1976). Condo's additional arguments, advanced in briefs submitted after oral argument, are frivolous. Though Condo has developed his theory of how the Constitution should be interpreted, we have repeatedly held that theory is wrong. He violated the statutes in the face of these holdings.

AFFIRMED.