RICHARD HUGHES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hughes v. Commissioner
Docket Nos. 5782-83, 29669-83.
United States Tax Court
T.C. Memo 1985-138; 1985 Tax Ct. Memo LEXIS 505; 49 T.C.M. (CCH) 1030; T.C.M. (RIA) 85138; March 25, 1985. Florence Jones, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: These two cases were assigned pursuant to the provisions of section 7456 and Rules 180, 181 and 183. [1] We granted *506 respondent's motion to consolidate. Respondent determined deficiencies in Federal income taxes as follows: Additions to Tax
Year
Tax
§ 6651(a)
§ 6653(a)
§ 6654(a)
Docket 5782-83
1979
$5,083.10
$548.52
$254.16
$61.81
1980
3,333.00
833.25
166.65
213.31
Docket 29669-83
1981
5,090.00
1,272.50
254.50
386.84
together with 50 percent of the interest due on $5,090 pursuant to section 6653(a)(2) for 1981. The deficiency determinations were based upon a failure to file returns and a failure to report income. Petitioner, who resided in Lancaster, California, timely filed petitions in regard to both determinations. His petitions were form petitions, substantially identical in nature to those filed by several hundred persons in the southern California area. [2] In his petitions he alleged that respondent bore the burden of proving the allegations in the deficiency notice; that petitioner was not required to file a return or pay a tax under the *507 Internal Revenue Code; that petitioner received nothing of tangible value that qualified as income and he enjoys no grant of privilege or franchise; that petitioner was not in receipt of either gain or profit; that petitioner did not volunteer to self-assess himself; and that the income tax system is based on voluntary compliance and petitioner did not volunteer.Petitioner filed requests for jury trial in regard to both petitions. Both requests were denied.
We have dealt so often with petitions identical to those filed herein that we refuse to expend the time and resources of this Court on an exhaustive analysis of why they are incorrect and why they completely lack merit. See, e.g., Fox v. Commissioner,T.C. Memo. 1984-519; *508 Henderson v. Commissioner,T.C. Memo. 1984-520; Blaty v. Commissioner, 1984-518; Dragoun v. Commissioner,T.C. Memo. 1984-94. As the Ninth Circuit stated in its affirmance of criminal convictions for mail fraud, aiding in the preparation of false W-4 Forms and ordering the submission of fraudulent withholding exemption certificates in United States v. Condo,741 F.2d 238, 240 (1984), cert. denied     U.S.     (Jan. 14, 1985): Condo also admitted he was aware as early as 1976 that his theories on the nontaxability of Federal Reserve notes had been rejected as frivolous by this court. He knew, as well, of several YHPA members' criminal convictions after they followed his program. Yet he continued to advise members of the unconstitutionality of the taxing system and aided in the preparation and mailing of the W-4 forms which gave rise to this criminal prosecution. * * * * * * The constitutionality of the taxing system is not a gray area, but one delineated in the black and white of prior decisions Condo was aware of, decisions rejecting his theories as frivolous. See also Rowlee v. Commissioner,80 T.C. 1111 (1983); *509 McCoy v. Commissioner,76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). Respondent moved for leave to file an amendment to his answer in Docket 5782-83 which was granted. The Amendment to Answer alleged that petitioner's unreported income for the year 1980 was $25,792.67 rather than the lesser amount of $18,430 set forth in the deficiency notice. The amendment further alleged that petitioner's income tax deficiency for 1980 was $5,871.14, together with additions to tax under section 6651(a) of $1,467.79, under section 6653(a) of $293.56 and under section 6654(a) of $375.75. Petitioner failed to respond to the call and recall of the calendar on August 29, 1984. At that time respondent presented evidence, and we so hold, that petitioner received income from wages from the General Electric Company during 1980 in the amount of $25,642.67, in addition to interest income paid by Edwards Federal Credit Union in the amount of $150, for a total of $25,792.67. A notice of deficiency is ordinarily presumed correct, and the taxpayer bears the burden of proving that respondent's determination of his taxable income is erroneous. Welch v. Helvering,290 U.S. 111, 115 (1933); *510 Rule 142(a). Petitioner has not attempted to bear this burden in regard to any of the three years before us. As to the increases in deficiency for the year 1980, however, Rule 142(a) places the burden of proof upon respondent. We hold that respondent has borne his burden of proving the additional deficiency. Petitioner, by failing to respond to the call and recall of the calendar, has refused to prosecute his case or to offer evidence in regard to it. Rules 123(b) and 149(b) provide: RULE 123. DEFAULT AND DISMISSAL * * * (b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule. * * * RULE 149. FAILURE TO APPEAR OF TO ADDUCE EVIDENCE * * * (b) Failure of Proof:Failure to produce evidence, in support of an issue of fact as to which a party has *511 the burden of proof and which has not been conceded by his adversary, may be ground for dismissal or for determination of the affected issue against that party. The allegations of petitioner in his petitions and motions for summary judgment are frivolous and groundless. It is appropriate to dismiss his petitions for failure to prosecute properly because of his failure to appear to present evidence. These petitions are dismissed. We turn now to respondent's motions for an award of damages in each of these cases. The petitions are each frivolous and groundless. Damages are awarded in the amount of $5,000 to the United States in each case pursuant to section 6673. Appropriate orders and decisions will be entered.
Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. See, e.g., Raccio v. Commissioner,T.C. Memo. 1984-125; Gabaldon v. Commissioner,T.C. Memo. 1984-107; Africa v. Commissioner,T.C. Memo. 1984-95; Dragoun v. Commissioner,T.C. Memo. 1984-94; Urban v. Commissioner,T.C. Memo. 1984-85; Ross v. Commissioner,T.C. Memo. 1983-624; Langseth v. Commissioner,T.C. Memo. 1983-576↩.