**UNITED STATES of America**

v.

**John Nicholas ANDERSON.**

**Crim. No. N 86–20(JAC).**

United States District Court,
D. Connecticut.

June 27, 1986.

Michael Hartmere, New Haven, Conn., for Government.

V. James Ferraro, New Haven, Conn., for defendant.

## RULING ON MOTION TO DISMISS

JOSÉ A. CABRANES, District Judge:

This criminal prosecution for failure to file federal income-tax returns in violation

of 26 U.S.C. § 7203 is before the court on the defendant's motion to dismiss. The defendant seeks dismissal of the charges against him on the asserted grounds of selective prosecution, equitable estoppel and violation of his right to substantive due process of law under the Fifth Amendment to the United States Constitution.

The defendant is a dentist who concededly failed to file any federal income-tax returns for the years 1979, 1980 and 1981. He contends that he did not file the returns at issue because he had been persuaded by the arguments of so-called "tax protesters," including the oft-convicted Irwin Schiff of Connecticut, that the federal income tax was unconstitutional or voluntary, or possibly both. He now acknowledges the fallacy of such arguments. In addition, the defendant asserts that he was misled by publications of the Internal Revenue Service into believing that failure to file a tax return would not result in criminal prosecution.

I.

The defendant contends in support of his motion to dismiss that he is the victim of "unconstitutionally selective" prosecution on account of his views concerning the federal income tax.

The court must approach any such claim of selective prosecution mindful that the "conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation." *Oyler v. Boles,* 368 U.S. 448, 456, 82 S.Ct. 501, 505, 7 L.Ed.2d 446 (1962). *See also United States v. Batchelder,* 442 U.S. 114, 124, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979) ("[w]hether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion").

■ Our Court of Appeals has held that, in order to support a defense of selective prosecution,

a defendant bears the heavy burden of establishing, at least *prima facie,* (1) that, while others similarly situated have not generally been proceeded against be-

cause of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e. based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights.

*United States v. Berrios*, 501 F.2d 1207, 1211 (2d Cir.1974). *See also United States v. Moon*, 718 F.2d 1210, 1229 (2d Cir.1983), *cert. denied*, 466 U.S. 971, 104 S.Ct. 2344, 80 L.Ed.2d 818 (1984) (same). A defendant is entitled to an evidentiary hearing on his claim of selective prosecution—and, in preparation therefor, to subpoena evidence in the government's possession—only after he has put forward "some evidence tending to show the existence of the essential elements of the defense." *United States v. Berrios, supra*, 501 F.2d at 1211.

■ The court finds that the defendant has not established either element of a *prima facie* case of selective prosecution.

First, the defendant has failed to demonstrate that "similarly situated" individuals "generally" have not been prosecuted for the offense with which he has been charged. Indeed, the only person whom he claims has not been prosecuted for failure to file a tax return is his former wife, Nancy Korn, whom he married in 1981 and divorced sometime thereafter. However, even assuming for the argument that the defendant and Ms. Korn were "similarly situated" during all or some portion of the period in question, an assumption that is unsupported by the record of this case, the court finds no evidence of any general practice of exempting persons situated similarly to the defendant from criminal prosecution for failure to file tax returns.

Second, the defendant has offered no evidence that he was selected for prosecution in order to penalize the exercise of his First Amendment rights. Instead, the record contains nothing more than excerpts from an IRS special agent's report on his conversations with the defendant in which the defendant offered his views on the constitutionality and voluntariness of the federal income tax and expressed his familiarity with the works of "tax protesters" such as Irwin Schiff. It is mere speculation to suggest that the defendant was prosecuted as a result of his comments to the special agent.

■ Furthermore, even assuming for the argument that the defendant was singled out solely because he was believed to be a "tax protester," that fact alone would not necessarily be an impermissible basis for prosecution. It has frequently been held that the government may concentrate its prosecutorial resources on those who are thought to be the most flagrant violators of the tax laws. *See, e.g., United States v. Hazel*, 696 F.2d 473 (6th Cir.1983); *United States v. Rice*, 659 F.2d 524 (5th Cir.1981); *United States v. Catlett*, 584 F.2d 864 (8th Cir.1978). Indeed, "[i]nsofar as a protest group engages in [tax] violations, it is obvious that *proper* prosecutorial considerations, such as deterrence of widespread tax evasion, will inevitably lead to the prosecution of numerous protest violators." *United States v. Ness*, 652 F.2d 890, 892 (9th Cir.) (per curiam), *cert. denied*, 454 U.S. 1126, 102 S.Ct. 976, 71 L.Ed.2d 113 (1981) (emphasis in original).[1]

---

1. The court finds no merit in the defendant's argument that the government may selectively prosecute vocal "tax protesters" but may not so prosecute their more circumspect followers. It would be unreasonable to restrict the government to prosecuting only those persons who could be proved to have espoused their views on the constitutionality of the federal income tax in some public forum. Moreover, in many cases, the prosecution of a mere follower of the "tax protest" movement may be as effective a deter-

rent to "widespread tax evasion," *United States v. Ness, supra*, 652 F.2d at 892, as the prosecution of a leader of that movement. In sum, a defendant cannot successfully invoke the defense of selective prosecution, in contravention of decisions such as *United States v. Ness*, merely because he has voiced his opinions on the federal income tax only to a select audience of friends and relatives (and, in the instant case, special agents of the IRS).

Accordingly, the defendant's motion to dismiss on the ground of selective prosecution is hereby denied.

## II.

The defendant also contends that this prosecution ought to be equitably estopped because he was misled by an Internal Revenue Service instruction booklet into believing that his failure to file an income-tax return would result only in civil penalties.[2]

■ The court has found no authority to support the defendant's contention that the doctrine of equitable estoppel may ever be invoked to defeat a criminal prosecution. Moreover, the doctrines of equity, which typically can be invoked only by persons who have demonstrated their own "clean hands," seem unsuitable for general incorporation into the criminal law. Accordingly, the court, mindful of the general rule that "the doctrine of equitable estoppel is applied against the Government 'with the utmost caution and restraint,'" *Boulez v. Commissioner*, 76 T.C. 209, 215 (1981), *quoting Estate of Emerson v. Commissioner*, 67 T.C. 612, 617 (1977), is unwilling to extend that doctrine to the case at bar.

■ Furthermore, even assuming for the argument that the doctrine of equitable estoppel is applicable to criminal prosecutions, the court holds that the defendant has not made out the essential elements of an equitable estoppel claim. *See Tonkonogy v. United States*, 417 F.Supp. 78, 79 (S.D.N.Y.1976) (elements of equitable estoppel). For one thing, the passage from the IRS instruction booklet on which the defendant allegedly relied does not constitute "a misrepresentation of fact"; at most, the booklet offers an incomplete statement of the law, which generally cannot give rise to equitable estoppel against the government. *See Estate of Emerson v. Commissioner, supra*, 67 T.C. at 618.

■ Moreover, the defendant could not have reasonably relied on a few sentences in the IRS booklet as providing assurance that he would never be criminally prosecuted for failure to file an income-tax return. A taxpayer may reasonably be charged with knowledge of the criminal tax statutes that may be applicable to his activities. It would be patently unreasonable for any taxpayer to assume that the entire body of law governing tax evasion and avoidance could be summarized in a few sentences in an instruction booklet. In addition, as pointed out by counsel for the government at oral argument and not disputed by the defendant, the IRS booklets for the years in question provided notice that information concerning an individual's tax liability could be turned over to the Department of Justice; such statements would have given a reasonable person further notice that he could be subjected to criminal prosecution if he refused to comply with the federal tax laws. *See United States v. Bell*, 734 F.2d 1315, 1318 (8th Cir.1984) (holding that it was unnecessary that IRS booklets for 1978, 1979 and 1980 provide "notice of the specific criminal penalty which may be imposed" so long as they "state that the information given may be turned over to the Department of Justice"); *United States v. Rickman*, 638 F.2d 182, 183 (10th Cir.1980) (rejecting similar arguments by taxpayer with respect to IRS booklets for 1975 and 1976).

Accordingly, the court must reject the defendant's argument that the instant prosecution is barred by the doctrine of equitable estoppel.

## III.

■ The defendant's contention that his prosecution violates his Fifth Amendment

---

**2.** The parties agree that the relevant language in the 1979, 1980 and 1981 IRS instruction booklets states:

> If a return is not filed, or if we don't receive the information we ask for, the law provides that a penalty may be charged. And we may have to disallow the exemptions, credits, deductions, or adjustments shown on the tax return. This could make the tax higher or delay any refund. Interest may also be charged.

*See* Memorandum of Law in Support of Defendant's Motion to Dismiss (filed June 16, 1986) at 9.

right to substantative due process is equally unavailing. The court finds that the underlying statute provided the defendant with ample warning of the consequences of his failure to file an income-tax return. *See United States v. Lachmann,* 469 F.2d 1043, 1046 (1st Cir.1972), *cert. denied,* 411 U.S. 931, 93 S.Ct. 1897, 36 L.Ed.2d 390 (1973) (holding that 26 U.S.C. § 7203 is not unconstitutionally vague). There is nothing in the language of the IRS booklets that makes this warning any less clear.

### Conclusion

For the reasons stated above, the defendant's motion to dismiss is denied in its entirety.

It is so ordered.