963 F.2d 381
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Otto STEINER, Defendant-Appellant.
 No. 89-50350.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided May 14, 1992.
 
 1
 Before JAMES R. BROWNING and FARRIS, Circuit Judges, CAULFIELD,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant Joseph Steiner appeals his conviction for violations of 18 U.S.C. § 287, making a false claim, and 26 U.S.C. § 7206(1), subscribing a false tax return. Steiner raises numerous, and sometimes unintelligible issues in this appeal. His primary contentions are (1) that the district court lacked jurisdiction; (2) that his wages do not constitute gross income; (3) that he is not a "taxpayer" subject to the federal tax laws; (4) that the district court improperly excluded evidence and testimony; and (5) that the district court did not comply with Steiner's wishes concerning advisory counsel.[1] These issues have been raised in this court on numerous occasions in the past. We affirm.
 
 I. FACTS
 
 4
 Steiner worked for Southern Pacific Transportation Company ("Southern Pacific") from 1969 up to the time of trial. Between 1980 through 1983 he earned $172,173 in wages from Southern Pacific. For those years he submitted W-4 forms to Southern Pacific claiming he was exempt from withholding of federal taxes from his wages. Consequently, no wages were withheld during those years.
 
 
 5
 Steiner did not file income tax returns from 1980 through 1983. He began filing returns in 1984 at which time he claimed no income and sought a refund for excess Railroad and Social Security tax withheld. In 1985 he filed a tax return for the 1984 tax year and amended returns for the 1978 through 1984 tax years. The 1985 return and the amended returns for 1978 through 1984 sought refunds totaling approximately $220,000 for excess taxes withheld.
 
 
 6
 On November 8, 1988, the grand jury returned a twelve count indictment against Steiner charging him with making false claims in violation of 18 U.S.C. § 287 and subscribing false tax returns in violation of 26 U.S.C. § 7206(1). He appeared before the Magistrate on November 11, 1988, at which time the Magistrate appointed Deputy Public Defender Kevin Brehm to act as "standby counsel". Steiner was also permitted to defend himself. At trial, he represented himself with the aid of Mr. Brehm who acted as "advisory counsel".
 
 
 7
 During trial, Steiner did not claim that he disagreed with the tax laws, but rather that he did not believe that the amounts earned from Southern Pacific constituted "income" under the tax laws. Specifically, Steiner contends that he is not a "taxpayer" as identified in the Internal Revenue Code.
 
 DISCUSSION
 A. Jurisdiction
 
 8
 Steiner argues that the district court lacked jurisdiction over him because he is a sovereign citizen of the state of California. It is well settled that federal district courts have exclusive original jurisdiction over offenses against the United States. 18 U.S.C. § 3231. Crimes defined in Title 26 of the United States Code are included in the offenses over which the district court has original exclusive jurisdiction. United States v. Studley, 783 F.2d 934, 937 (9th Cir.1986).
 
 
 9
 Steiner also argued that the word "includes", which appears throughout the tax laws, limits the court's jurisdiction under the tax laws. This argument has been specifically rejected in United States v. Condo, 741 F.2d 238, 239 (9th Cir.1984), cert denied, 469 U.S. 1164 (1985), in which this court held that the word "includes" is one of expansion, not limitation.
 
 B. Taxpayer Status
 
 10
 Steiner next argues that he is not a "taxpayer" subject to the federal tax laws. This argument has repeatedly been rejected as "frivolous" by this court. See, e.g. Studley, 783 F.2d 934 (appellant's contention that she is not a "taxpayer" because "she is an absolute, freeborn and natural individual is frivolous." Id. at 937) Steiner offers no novel theories which would support a departure from this court's previous views on this claim.
 
 
 11
 C. The District Court's Order Excluding Evidence and Testimony
 
 
 12
 Defendant argues that the district court improperly precluded him from introducing certain documents and testimony. The district court's order with respect to the admission of evidence is reviewed for abuse of discretion. See United States v. Bergman, 813 F.2d 1027, 1030 (9th Cir.), cert denied, 484 U.S. 852 (1987). Here, the district court properly excluded the disputed evidence.
 
 
 13
 Steiner argues that the court improperly prohibited him from calling certain witnesses. However, the record reflects that the only witness besides himself that he sought to call was the Secretary of the Treasury or a person who can testify on the issues regarding his taxpayer status. Steiner advances no argument as to why such evidence is admissible. The district court properly exercised its discretion in precluding the introduction of such evidence which it deemed irrelevant.
 
 
 14
 Steiner next contends that during trial, the district court excluded documents which Steiner sought to introduce which he termed "recision documents". Additionally, the court ruled that Steiner could not introduce actual copies of cases and treatises concerning tax law, but that he could testify about his understanding of the material to show his state of mind.
 
 
 15
 With respect to the "recision documents", there is no indication in the record that defendant sought to introduce such documents at trial. Therefore, Steiner raises no legitimate issue with respect to the introduction of those documents.
 
 
 16
 As to the textual material, the district court properly exercised its discretion in not allowing Steiner to introduce such material. It is not an abuse of discretion to exclude legal materials as evidence. Bergman, 813 F.2d at 1030. Moreover, the court permitted Steiner to testify that he relied on the documents in forming his beliefs regarding his taxpayer status.
 
 D. The Appointment of Advisory Counsel
 
 17
 Steiner stated various preferences with respect to the appointment of counsel in the record. His statement of issues on appeal included a statement which implies that he objects to the appointment of advisory counsel. However, Steiner did not raise an objection to the appointment of advisory counsel below. Moreover, the Supreme Court has held that the trial judge may appoint advisory counsel, even over defendant's objection, "to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals." McKaskle v. Wiggins, 465 U.S. 168, 184 (1984). Steiner makes no argument that the appointment of advisory counsel prejudiced his defense. Therefore, the district court did not abuse its discretion.
 
 AFFIRMED
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4 the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 The Honorable Barbara A. Caulfield, District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Steiner also argues that his indictment was defective because the grand jury did not consider all relevant evidence. However, an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence. United States v. Calandra, 414 U.S. 338, 345 (1974). The other defects which Steiner seems to identify with regard to the grand jury are harmless beyond a reasonable doubt in light of the petit jury's guilty verdict. See United States v. Mechanik, 475 U.S. 66, 71 (1986)