981 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles David TOOKS, Defendant-Appellant.
 No. 91-50413.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 7, 1992.
Decided Dec. 17, 1992.
 
 Before JAMES R. BROWNING, SCHROEDER and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 The affidavit supporting the search warrant established probable cause to believe Tooks was dealing drugs through runners, and lived at 2060 Wayside Street. Under United States v. Ayers, 924 F.2d 1468, 1478-79 (9th Cir.1991), those two facts establish probable cause to search Tooks' house.
 
 II.
 
 3
 A defendant must establish a prima facie case of selective prosecution before an evidentiary hearing is warranted. United States v. Bourgeois, 964 F.2d 935, 938 n. 1 (9th Cir.1992); United States v. Ness, 652 F.2d 890, 892 (9th Cir.1981). To establish a prima facie case, a defendant must show "that others similarly situated have not been prosecuted and that the allegedly discriminatory prosecution ... was based on an impermissible motive." Ness, 652 F.2d at 892. Tooks presented no evidence that the joint enforcement policy was promulgated with a discriminatory purpose, and the statistics he cited do not demonstrate that other people with his criminal background and with a similar amount of cocaine in their houses have not been prosecuted. The government had ample non-discriminatory reasons to prosecute Tooks. See Bourgeois, 964 F.2d at 941.
 
 
 4
 Affirmed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3