**Phillip MASSEY, Plaintiff–Appellant,**

**v.**

**INLAND BOATMEN'S UNION OF THE PACIFIC, Marine Division of the International Longshoremen's and Warehousemen's Union, et al., Defendant–Appellee.**

No. 88–3713.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 1988.

Decided Oct. 5, 1989.

Richard N. VanCleave, Steven J. Nemirow, Portland, Or., for plaintiff-appellant.

Robert Udziela, Portland, Or., for defendant-appellee.

---

1. Defendants are two entities of the Inland Boatmen's Union and the Regional Director of

Before CANBY, THOMPSON and LEAVY, Circuit Judges.

CANBY, Circuit Judge:

Phillip Massey brought an action in district court seeking damages and injunctive relief against the defendant unions [1]. Massey alleged that the union's action in fining him for refusing to participate in lawful picketing during a strike against his employer violated his statutory freedom of speech under Section 101(a)(2) of the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 411(a)(2). Massey further alleged that, of several members who declined to participate in picketing, he was the only one disciplined. He claims that such discriminatory union discipline was actually retaliation for his vocal opposition to a strike and violated his free speech rights under the same statute.

The district judge granted the union's motion to dismiss the complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Judgment was entered dismissing the action. Massey appealed in a timely manner. This court has jurisdiction under 28 U.S.C. § 1291. We review de novo the granting of a motion to dismiss for failure to state a claim, and affirm only if the plaintiff's allegations, taken as true, fail to state a claim for which the court may grant relief. *Shah v. County of Los Angeles*, 797 F.2d 743, 745 (9th Cir.1986). Applying these standards, we reverse and remand to the district court.

■ Massey's first claim is that his statutory free speech rights are violated by enforcement of a union rule requiring participation by members in picketing activities during a labor dispute. We find no merit in this claim.

Section 101(a)(2) provides:

Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organiza-

one of them. They will be referred to here collectively as "the union."

tion or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings: *Provided,* That nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations.

29 U.S.C. § 411(a)(2). As the Supreme Court pointed out in *United Steelworkers v. Sadlowski,* 457 U.S. 102, 111, 102 S.Ct. 2339, 2345, 72 L.Ed.2d 707 (1982), the statute offers a considerably narrower protection to speech than does the First Amendment, because speech can be impaired by union rules if they are reasonable.

*Sadlowski* specified the proper order of inquiry to determine whether section 101(a)(2) has been violated. First, we must consider whether enforcement of the union's rule interfered with an interest protected by the first part of the statute. If it does, we must then determine whether the rule is reasonable and thus protected by the proviso of the statute. *Id.; see Ferguson v. International Ass'n of Bridge, Structural and Ornamental Iron Workers,* 854 F.2d 1169, 1172 & n. 2. (9th Cir. 1988).

The union's requirement that Massey picket to support a position with which he disagrees may be viewed as interfering with Massey's statutory right "to express any views, arguments, or opinions." The right to express views necessarily includes the right to refuse to express views; refusal is also expression. *See Wooley v. Maynard,* 430 U.S. 705, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977) (violation of First Amendment for state to require motorist to display license plate motto with which he disagrees).

The question then is whether the union's rule requiring members to perform picket duty during a strike is "reasonably related to the protection of the organization as an institution." *Sadlowski,* 457 U.S. at 112,

102 S.Ct. at 2346. We have no difficulty concluding that it is. Picketing is clearly an important element of the union's ability to place pressure on management and to elicit support of other workers and of the public for a lawful strike. Massey argues, however, that many unions do not require members to picket, but simply pay those members, or even outsiders, who are willing to picket. That alternative may be reasonable, but so is a requirement that all members share the picketing duty. The union's ability to mobilize its entire membership in visible support of a strike may contribute to its negotiating power. Similarly, active involvement of all members in major union endeavors may contribute substantially to the long-run viability of the organization. The rule does not have to be necessary to be protected by the proviso of section 101(a)(2). It only need be reasonable, and reasonable it is. Massey's first claim was therefore properly dismissed.

■ Massey's second claim is that he was actually disciplined only because he had openly expressed opposition to the strike at union meetings. He alleges that several other union members refused to picket and that only he was disciplined. Massey's claim in essence amounts to one of selective prosecution. We have held that it is unconstitutional to prosecute an offender if others similarly situated have not been prosecuted and the defendant was selected only because he exercised a constitutional right. *United States v. Steele,* 461 F.2d 1148, 1152 (9th Cir.1972). Far more often, we have restated the principle but found the prosecution to be justified. *E.g., United States v. Oaks,* 527 F.2d 937, 940 (9th Cir.1975), *cert. denied,* 426 U.S. 952, 96 S.Ct. 3177, 49 L.Ed.2d 1191 (1976); *United States v. Gillings,* 568 F.2d 1307, 1309 (9th Cir.) *cert. denied,* 436 U.S. 919, 98 S.Ct. 2267, 56 L.Ed.2d 760 (1978); *United States v. Wayte,* 710 F.2d 1385, 1387 (9th Cir.1983) *aff'd,* 470 U.S. 598, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985).

■ We recognize the justice of the principle against selective prosecution, and the fact that it can serve the purposes of section 101(a)(2). If a union has no interest in

enforcement of a rule, and regularly ignores violations, but then selects an offender for discipline only because he has spoken out on a controversial issue at a union meeting, the purposes of the statute are frustrated. The member's right of speech is restricted, and the union's rule is arguably unreasonable because the union itself has no interest in enforcing it for its own sake. For this reason, we conclude that Massey's second claim should not have been dismissed.

We import the law of selective prosecution into the jurisprudence of section 101(a)(2) with considerable reluctance. Our misgivings are not caused by the fact that the union is entitled to a great deal of discretion in the enforcement of its rules. It is so entitled, but a public prosecutor is, too. *Wayte v. United States*, 470 U.S. 598, 607, 105 S.Ct. 1524, 1530, 84 L.Ed.2d 547 (1985). The difficulty is that section 101(a)(2) sets a different balance between the statutory right of speech and the interests in enforcement from that which the Constitution sets. By way of the proviso of section 101(a)(2), *nothing* in the statute is to impair the union's right to enforce its reasonable rules. The Constitution accords no similar overriding interest in law enforcement that would automatically negate a constitutional right simply because there was a reasonable interest in prosecution. *See Sadlowski*, 457 U.S. at 111, 102 S.Ct. at 2345. Nevertheless, when the union lacks all interest in enforcing its rule, so that the enforcement amounts to a sham, it does violence to section 101(a)(2) to permit it to punish its members' otherwise statutorily-protected expression.

Selective prosecution defenses are difficult to make out in the criminal context, and they ought to be no less difficult under section 101(a)(2). To make a prima facie case, Massey will first have to show that, as he has alleged, others similarly situated have not been disciplined. Then, he will have to show that he was selected for discipline because of the views he alleges he expressed at union meetings. *See United States v. Wayte*, 710 F.2d at 1387. The union may then show any number of legitimate reasons why it may have singled Massey out for discipline, to rebut the evidence that he was selected for an impermissible purpose. *E.g., United States v. Taylor*, 693 F.2d 919, 923 (9th Cir.1982); *see Wayte*, 470 U.S. at 612–14, 105 S.Ct. at 1533–34. It is Massey's ultimate burden to show that he was *deliberately* selected because of his expression. *See Wayte*, 470 U.S. at 610, 105 S.Ct. at 1532.

Other refinements may well become necessary in order to honor the strong command of the proviso to section 101(a)(2) that nothing in the statutory right of expression shall impair the union's right to enforce reasonable rules. *See Ferguson*, 854 F.2d at 1174. It is not necessary to anticipate them here. On the bare face of the complaint, Massey has stated a claim for violation of the statute by alleging that others who violated the rule were not disciplined, and that he was disciplined only because he spoke out at union meetings.

The judgment of the district court dismissing Massey's action against defendants is REVERSED.

REVERSED AND REMANDED.