67 F.3d 307
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fred HAINES, Plaintiff,
and
Ferde Rombola, Plaintiff-Appellant,
v.
Brian WALTON; Writers Guild of America, West, Inc.; Paul
Nawrocki; Beryl Weiner, et al., Defendants-Appellees.
 No. 94-55078.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1995.*
Decided Sept. 22, 1995.
 
 Before: T.G. NELSON and KLEINFELD, Circuit Judges, and WILKEN,** District Judge.
 MEMORANDUM***
 * Ferde Rombola appeals pro se the district court's summary judgment in favor of the Writers Guild of American West, Inc. ("the Guild"), et al., and its denial of his request for a mandatory preliminary injunction in his action under the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. Secs. 411-15. Rombola contends that the Guild violated his rights under LMRDA Sec. 411(a)(2) and the First Amendment by: 1) promulgating and requiring members to sign a User Agreement ("UA") in order to maintain access to "public forums" on the Guild's electronic bulletin board system ("BBS"); and 2) subsequently curtailing the public forums. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 II
 The district court held in each of its three orders that the challenge to the UA was moot in light of its rescission by the Board. We review questions of mootness de novo. Aiona v. Judiciary of State of Hawaii, 17 F.3d 1244, 1246 (9th Cir.1994). The district court explained in its summary judgment order that if the Board were to reinstate the UA, its duration would "in all likelihood be open-ended.... [and] plaintiffs[1] will have the unfettered opportunity to challenge it in the courts if they see fit." The court also noted that the plaintiffs had not made a showing that they would likely be subject to injury again.[2] Here the court erred; "the defendant, not the plaintiff ... must demonstrate the alleged wrong will not recur." Ackley v. Western Conference of Teamsters, 958 F.2d 1463, 1469 (9th Cir.1992).
 In spite of the error regarding burden of proof, we affirm. This case is distinguishable from Ackley, where we held that a challenge to procedures for ratifying periodically negotiated collective bargaining agreements was not moot even though the agreement in question had expired by the time of the court's decision. Id. at 1469. A user's agreement is not characteristically short-term. The Guild rescinded the UA when it suspended the public forums because it no longer deemed a user's agreement necessary; should the Guild restore the public forums, it may well reinstate the UA or something like it, but as the court remarked, the plaintiffs may then bring suit. In the meantime, there is no agreement to challenge, and the controversy is moot. See Sohappy v. Hodel, 911 F.2d 1312, 1321 (9th Cir.1990) (controversy held moot where legislation enacted after briefing by the parties satisfied plaintiffs' demands). Any challenges to possible future agreements are, as the district court noted, unripe.
 III
 Rombola claims that the Board's suspension of the public forums violates LMRDA Sec. 411(a)(2), the freedom of speech and assembly portion of LMRDA'a "Bill of Rights," which provides:
 Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings: Provided, That nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations.
 29 U.S.C. Sec. 411(a)(2).
 The Supreme Court has created a two-part test to determine whether a union's rule has violated Sec. 411(a)(2). United Steelworkers v. Sadlowski, 457 U.S. 102, 111 (1982). First, the court must consider whether the rule interferes with an interest protected by Sec. 411(a)(2); if it does, the court must then determine whether the rule is reasonable and thus sheltered by the proviso of Sec. 411(a)(2). Id.
 After reviewing the statute, its legislative intent, case law, public policy, and analogous First Amendment jurisprudence, the district court held that the Guild's decision did not interfere with a protected interest. Consequently, it did not need to undertake a reasonableness review.
 The Supreme Court has explained the purpose of Sec. 411(a)(2) as follows:
 Congress adopted the freedom of speech and assembly provision [of Sec. 411(a)(2) ] in order to promote union democracy. It recognized that democracy would be assured only if union members are free to discuss union policies and criticize the leadership without fear of reprisal.
 Sadlowski, 457 U.S. at 112 (citations omitted). We have observed that in enacting LMRDA, "Congress sought to provide certain basic and fundamental rights to union members, while at the same time avoiding undue judicial interference with the mechanics of union self-governance." Ackley, 958 F.2d at 1475.
 While the Supreme Court has found that First Amendment principles may be helpful in a Sec. 411(a)(2) analysis, it has held that the statute offers narrower protection than does the First Amendment, given its proviso that the Guild may impose "reasonable" limits upon speech. Sadlowski, 457 U.S. at 109-111. See also Massey v. Inland Boatmen's Union of the Pac., 886 F.2d 1188, 1190 (9th Cir.1989). The district court correctly found that even under First Amendment principles, the Guild is under no obligation to maintain the public forums.
 Cases dealing with union members' right of access to union publications or bulletin boards have generally held that while LMRDA does not guarantee access to a particular forum, a union may not unreasonably refuse access to an available forum on the basis of content. See, e.g., Raley's, Inc. v. NLRB, 703 F.2d 410, 413-14 (9th Cir.1983), aff'd in pertinent part following reh'g en banc, 728 F.2d 1274 (1984) (affirming the National Labor Relations Board's conclusion that a union committed an unfair labor practice by removing contenders' campaign literature from the employees' bulletin board while allowing the incumbent's literature to remain posted). See also Shimman v. Miller, 995 F.2d 651, 653 (6th Cir.1993) (holding that Sec. 411(a)(2) "prevents 'those in "control" of a protected, open and exclusive forum of communication from unreasonably refusing to allow co-owners access to that forum based solely upon the content of their expression.' " (quoting Knox County Local, Nat'l Rural Letter Carriers' Ass'n v. National Rural Letter Carriers' Ass'n, 720 F.2d 936, 941 (6th Cir.1984)), cert. denied, 114 S.Ct. 925 (1994).
 Rombola's reliance on Knox and on Helton v. NLRB, 656 F.2d 883, 888-89 (D.C.Cir.1981) (holding a union may not prohibit employees from posting union materials on its bulletin board when it allows them access to the board for other purposes), is inapposite. In the instant case there is no issue of content-based discrimination because the public forums were shut down entirely.
 Rombola suggests for the first time in his reply brief that the Guild's decision to shut down the public forums while retaining the read-only announcements forum constitutes a violation of Sec. 411(a)(2). We generally will not hear an issue raised for the first time on appeal, Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir.1992), or which was not raised in the appellant's opening brief, Officers for Justice v. Civil Serv. Comm'n of the City of San Francisco, 979 F.2d 721, 726 (9th Cir.1992), cert. denied, 113 S.Ct. 1645 (1993). Accordingly, we deem this argument waived. Id.
 No court has held that a union must provide or retain a particular forum for communication. Neither LMRDA nor the Guild's constitution requires the Guild to operate a BBS for the benefit of its members. Rombola has not shown that the Guild has prevented or tried to prevent members from "meet[ing] and assembl[ing] freely with other members," or from "express[ing] any views, arguments, or opinions" in violation of Sec. 411(a)(2). Rombola does not allege Guild interference with elections. The Guild has moreover shown that it provides members with a variety of means of communication. Accordingly, we hold the Guild did not violate LMRDA by closing down the public forums.
 IV
 Finally, Rombola argues that the district court erred in denying its motion for a preliminary injunction "without a finding of who created and managed the BBS." He claims that the Guild has no authority to "interfere" with the public forums because they were initiated by a member, because the BBS exists not on Guild property but in cyberspace, and because the Guild's operation of the BBS is like the telephone service, which is required to remain neutral. Because none of these factual arguments were raised before the district court, and because a finding of who created and managed the public forums is not, in any case, relevant to the question of whether the Guild is required to support the forums, we deem them waived. See United States v. Bigman, 906 F.2d 392, 395 (9th Cir.1990) (exception to waiver applies only where the issue is purely a legal one, the record has been fully developed prior to appeal, and injustice might otherwise result).
 
 
 1
 For the above-listed reasons, we affirm the district court's grant of summary judgment to the Guild as well as its denial of Rombola's motion for a preliminary injunction.
 
 
 2
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Three plaintiffs brought the action before the district court. Rombola is the sole remaining plaintiff
 
 
 [2]
 Rombola does not assert any actual injuries as a result of the UA while it was in effect. He argues that he was denied access to the public forums for two days in March while other members had access, in violation of the equal protection grant of 29 U.S.C. Sec. 411(a)(1), but even here, he fails to demonstrate injury. Rombola does not refute the Guild's explanation that he was denied access to the public forums until he had correctly signed and initialled the UA, and concedes that his access was restored on March 2. Because he does not make any showing that the Board's action was retaliatory, or that he was singled out for unusual treatment, he fails to state a cognizable claim under Sec. 411(a)(1)