**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 5 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SOUTHWEST REGIONAL COUNCIL OF CARPENTERS, et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> PHIL LIMON, <br><br> Defendant-Appellant. | No. 19-56047 <br><br> D.C. No. 2:17-cv-06582 DSF (MRWx) <br><br> MEMORANDUM[*] |

Appeal from the United District Court
for the Central District of California
Hon. Dale S. Fischer, District Judge, Presiding

Submitted November 18, 2020[**]
Pasadena, California

Before: RAWLINSON and HUNSAKER, Circuit Judges, and ENGLAND,[***]
Senior District Judge.

Defendant-Appellant Phil Limon appeals from the district court's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Morrison C. England, Jr., United States Senior District Judge for the Eastern District of California, sitting by designation.

determination that he was not deprived of a fair hearing in union disciplinary proceedings, as guaranteed by the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 401, et seq. ("LMRDA"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Section 101(a)(5) of the LMRDA (as codified at 29 U.S.C. § 411(a)(4)) requires that union disciplinary proceedings be conducted in accordance with basic procedural safeguards. The mere presence of union counsel during deliberations does not amount to a *per se* violation; instead, whether the union's lawyer attempted to change the outcome is "a question of fact and credibility to be decided by the trial court." *Bldg. Material & Dump Truck Drivers, Local 420 v. Traweek*, 867 F.2d 500, 511 (9th Cir. 1989). The district court did not clearly err when it determined that the presence of the union's lawyer did not influence the decision of any of the members. It also permissibly concluded that the union had a history of making legal counsel available to its trial committees. Because these findings were not clearly erroneous, the district court properly determined that a fair hearing was afforded.

Ample evidence supports the district court's conclusion that Limon was guilty of the charges levied against him. Limon argues that when he selectively distributed the proceeds of a grievance settlement, he was adhering to an "unwritten rule" that should not have subjected him to discipline. The district

2

court permissibly rejected this argument, however, finding that Limon did not actually follow that alleged rule. Limon has pointed to no clear error underlying this decision.

The district court properly found that a showing of "actual bias" on the part of committee members was the correct standard and made permissible factual findings that no such bias had been demonstrated. No extraordinary circumstances here compelled the district court to presume bias otherwise. *See United States v. Olsen*, 704 F.3d 1172, 1191-92 (9th Cir. 2013).

Nor is Limon's challenge to the UBC's constitutional prohibition against "causing dissension" persuasive. The LMRDA "offers a considerably narrower protection to speech than does the First Amendment." *Massey v. Inland Boatmen's Union of Pac.*, 886 F.2d 1188, 1190 (9th Cir. 1989). Member "speech can be impaired by union rules if they are reasonable," *id.*, and rules prohibiting dissension are reasonable in the union context. *See, e.g.*, *Ferguson v. Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers*, 854 F.2d 1169, 1171, 1174 (9th Cir. 1988).

Limon's arguments that he should have been permitted to copy union records and to challenge the dissolution of his local union chapter even after being expelled from union membership necessarily fail as well. Because Limon was permissibly expelled from the union, he lacks any injury in fact sufficient to confer

standing to pursue such claims. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547-48 (2016).

**AFFIRMED**.