**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED BROTHERHOOD OF CARPENTERS,<br><br>  Plaintiff-Appellee,<br><br> v.<br><br> DANIEL O'DONNELL,<br><br>  Defendant-Appellant. | No.   19-55985<br><br>D.C. No.<br>2:17-cv-06582 DSF (MRWx)<br><br><br>MEMORANDUM* |

Appeal from the United District Court
for the Central District of California
Hon. Dale S. Fischer, District Judge, Presiding

Submitted November 18, 2020**
Pasadena, California

Before:  RAWLINSON and HUNSAKER, Circuit Judges, and ENGLAND,***
Senior District Judge.

Defendant-Appellant Daniel O'Donnell appeals from the district court's

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Morrison C. England, Jr., United States Senior District Judge for the Eastern District of California, sitting by designation.

determination that his due process rights under the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 401, et seq., ("LMRDA") were not violated when he was terminated from his appointed position as a union business representative for Plaintiff-Appellee United Brotherhood of Carpenters ("UBC") after serving as a juror on a three-member UBC internal trial committee.[1] O'Donnell also contends that the UBC Constitution's prohibition against "causing dissension" was an unreasonable restriction on speech in the first place and therefore violated the LMRDA on that basis alone. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

As an appointed union officer, O'Donnell is not protected under the LMRDA for the loss of his position with the union. *See USW Local 12-359 v. USW Int'l (Steel Workers)*, 728 F.3d 1107, 1116 (9th Cir. 2013). Nor can O'Donnell seek redress on grounds that his termination could have a "chilling effect on other union members." The LMRDA confers standing to "bring a civil action in a district court" only on a "person whose rights secured by the provisions of [the LMRDA] have been infringed by any violation" thereof. 29 U.S.C. § 412. The LMRDA consequently confers no standing to sue based on the rights of

---

[1] O'Donnell disagreed with the trial committee's majority decision that Phil Limon, the union member being prosecuted, had "caused dissension" within the union. Limon's related appeal, *Southwest Regional Council of Carpenters, et al. v. Phil Limon,* Case No. 19-56047, is being adjudicated concurrently with this matter.

others.

O'Donnell's contention that he was terminated because of his "not guilty" vote is also unsupported by the record. Ample undisputed evidence supports the district court's findings that O'Donnell acted improperly in the course of the disciplinary proceedings independently of how he cast his vote.

Nor is O'Donnell's challenge to the UBC's constitutional prohibition against "causing dissension" persuasive. The LMRDA "offers a considerably narrower protection to speech than does the First Amendment." *Massey v. Inland Boatmen's Union of Pac.*, 886 F.2d 1188, 1190 (9th Cir. 1989). Member "speech can be impaired by union rules if they are reasonable," *id.*, and rules prohibiting dissension are reasonable in the union context. *See, e.g.*, *Ferguson v. Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers*, 854 F.2d 1169, 1171, 1174 (9th Cir. 1988).

**AFFIRMED.**