[No. B109675. Second Dist., Div. Six. Nov. 26, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
AMBY GARY OWENS, Defendant and Appellant.

COUNSEL

Darryl L. Mounger and Susan L. Wolk for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Mary Sanchez and Louis W. Karlin, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

YEGAN, J.—Amby Gary Owens entered a no contest plea to a felony charge of operating an endless chain scheme. (Pen. Code, § 327.) In the exercise of its sound discretion, the trial court declared the conviction to be a misdemeanor. (Pen. Code, § 17, subd. (b).) He appeals contending that he was the subject of an invidious discrimination because the prosecutor's decision to charge him with a felony was motivated solely by his status as a Los Angeles police officer. We reject this contention.

On July 13, 1995, appellant and approximately 70 other people attended a recruiting meeting for a pyramid scheme to which appellant already belonged. After the meeting, appellant accepted two envelopes, each containing $2,000, from a new member. He was the only person present at the July 13, 1995, meeting who was prosecuted. Another meeting held for the same pyramid scheme resulted in the prosecution of two Simi Valley police officers and five civilians. Although the civilians were offered misdemeanor dispositions by the district attorney, the prosecutor would accept only felony pleas from the police officers.

Appellant moved to dismiss the indictment as a discriminatory prosecution, arguing that he was prosecuted and required to plead to a felony only because he is a police officer. Although the trial court agreed that appellant's status as a police officer motivated both his prosecution and the felony charge, it denied the motion after concluding that it was "perfectly permissible" for the district attorney to distinguish between police officers and civilians in charging decisions.

■  "The prosecutor ordinarily has sole discretion to determine whom to charge, what charges to file and pursue, and what punishment to seek." (*Dix* v. *Superior Court* (1991) 53 Cal.3d 442, 451 [279 Cal.Rptr. 834, 807 P.2d 1063].) However, the prosecution may not exercise discretion "deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." (*Oyler* v. *Boles* (1962) 368 U.S. 448, 456 [82 S.Ct. 501, 504, 7 L.Ed.2d 446, 453].)

■  To demonstrate that he was the subject of an invidious discrimination, appellant must prove "(1) 'that he has been deliberately singled out for prosecution on the basis of some invidious criterion;' and (2) that 'the prosecution would not have been pursued except for the discriminatory design of the prosecuting authorities.' " (*People* v. *Superior Court (Hartway)* (1977) 19 Cal.3d 338, 348 [138 Cal.Rptr. 66, 562 P.2d 1315], quoting *Murgia* v. *Municipal Court* (1975) 15 Cal.3d 286, 298 [124 Cal.Rptr. 204, 540 P.2d 44].) An invidious criterion for prosecution is "one that is arbitrary and thus unjustified because it bears no rational relationship to legitimate law enforcement interests . . . ." (*Baluyut* v. *Superior Court* (1996) 12 Cal.4th 826, 833 [50 Cal.Rptr.2d 101, 911 P.2d 1]; see also *Oyler* v. *Boles*, *supra*, 368 U.S. 448, 456 [82 S.Ct. 501, 505-506]; *People* v. *Smith* (1984) 155 Cal.App.3d 1103, 1133 [203 Cal.Rptr. 196].) "Unequal treatment which results simply from laxity of enforcement or which reflects a nonarbitrary basis for selective enforcement of a statute does not deny equal protection and is not constitutionally prohibited discriminatory enforcement." (*Baluyut* v. *Superior Court*, *supra*, 12 Cal.4th at p. 832.)

It is not necessary that members of law enforcement harbor "a specific intent . . . to punish the defendant for membership in a particular class . . . ." (*Baluyut* v. *Superior Court*, *supra*, 12 Cal.4th at pp. 829-830.) Appellant must show that he would not have been prosecuted but for his membership in a constitutionally protected, or suspect, class, or his exercise of a statutory or constitutional right. (*United States* v. *Armstrong* (1996) 517 U.S. 456, 464 [116 S.Ct. 1480, 1486, 134 L.Ed.2d 687, 698]; *Wayte* v. *United States* (1985) 470 U.S. 598, 608 [105 S.Ct. 1524, 1531, 84 L.Ed.2d 547]; *United States* v. *Taylor* (9th Cir. 1982) 693 F.2d 919, 923.)

■ Appellant identifies himself as a member of the class of public safety officers, and contends this is a suspect class because it impacts his right to practice his chosen profession. He argues that strict judicial scrutiny must be applied to the prosecutor's decision to initiate felony charges against police officers but not civilians because the decision impacts the fundamental right to personal liberty. (*People* v. *Olivas* (1976) 17 Cal.3d 236, 251 [131 Cal.Rptr. 55, 551 P.2d 375].) Alternatively, appellant argues there is no rational basis for distinguishing between police officers and civilians in the enforcement of Penal Code section 327. He concludes that his disparate treatment violated the Fourteenth Amendment to the United States Constitution and article I, section 7 of the California Constitution.

Appellant's initial premise is incorrect. Public safety officers are not a suspect class for equal protection purposes because, among other things, ". . . there is no constitutional right or fundamental interest in continued public employment. [Citations.]" (*Long Beach City Employees Assn.* v. *City of Long Beach* (1986) 41 Cal.3d 937, 950 [227 Cal.Rptr. 90, 719 P.2d 660].) "The right to pursue one's chosen profession is not a fundamental right for the purpose of invoking the strict scrutiny test." (*Cunningham* v. *Superior Court* (1986) 177 Cal.App.3d 336, 348 [222 Cal.Rptr. 854].) Nor does appellant's fundamental right to personal liberty provide a basis for the application of strict scrutiny. California courts have never accepted the general proposition that "all criminal laws, because they may result in a defendant's incarceration, are perforce subject to strict judicial scrutiny." (*People* v. *Silva* (1994) 27 Cal.App.4th 1160, 1167 [33 Cal.Rptr.2d 181].)

Because the district attorney's decision to distinguish between police officers and civilians neither infringes upon a fundamental interest nor creates a suspect classification, we review that decision under the rational basis test. (*Long Beach City Employees Assn.* v. *City of Long Beach, supra*, 41 Cal.3d at p. 948.) Under that test, we will uphold the district attorney's decision to initiate felony prosecutions against police officers but not civilians if the distinction between police officers and civilians "bears a rational relationship to a legitimate state purpose." (*County of Los Angeles* v. *Patrick* (1992) 11 Cal.App.4th 1246, 1253 [14 Cal.Rptr.2d 665].)

The trial court correctly found that a rational relationship existed. Like civilians, police officers are required to refrain from committing crimes. Unlike civilians, they are also expected to prevent others from committing crimes, to assist in the investigation of crime, and to use their law enforcement authority to maintain the trust of the public in its criminal justice system. (*Long Beach City Employees Assn.* v. *City of Long Beach, supra*, 41 Cal.3d at p. 954; *New York Times Co.* v. *Superior Court* (1997) 52

Cal.App.4th 97, 104-105 [60 Cal.Rptr.2d 410]; *Christal* v. *Police Commission* (1939) 33 Cal.App.2d 564, 567-568 [92 P.2d 416].)

Appellant failed to discharge those obligations when he joined the pyramid scheme and recruited new members for it. As a result, he is morally culpable to a greater extent than the civilian participants in the endless chain scheme. This provides a rational basis for the decision to prosecute appellant on a felony charge.

The fact that appellant was "off-duty" when he attended the July 13, 1995, meeting is irrelevant. Police officers are routinely disciplined for off-duty conduct that is inconsistent with their special obligations. (See, e.g., *Hankla* v. *Long Beach Civil Service Com.* (1995) 34 Cal.App.4th 1216, 1223-1224 [40 Cal.Rptr.2d 583].)

Deterrence provides yet another legitimate, rational basis for distinguishing among potential defendants in charging decisions. (*United States* v. *Taylor, supra,* 693 F.2d 919, 923.) The prosecutor explained that, in selecting which cases to prosecute, one of his goals was "to discourage participation in these schemes, . . . [by making] arrests and [filing] charges in cases that would result in convictions." Although the prosecutor initially determined that he lacked sufficient evidence to convict appellant, charges were filed after the Los Angeles Police Department provided that evidence. When the prosecutor believed a conviction was likely, appellant's prosecution served the deterrence goal. We also note that the prosecution of a police officer may have a greater deterrent effect because it might generate more media coverage and public interest in an otherwise unspectacular crime.

Appellant was singled out for felony prosecution because he is a police officer. There was nothing invidious, that is, arbitrary or unjustified about this exercise of prosecutorial discretion. (*Baluyut* v. *Superior Court, supra,* 12 Cal.4th at p. 833.)

The judgment is affirmed.

Stone (S. J.), P. J., and Coffee, J., concurred.

A petition for a rehearing was denied December 23, 1997, and appellant's petition for review by the Supreme Court was denied February 25, 1998.