Filed 4/27/21  P. v. Neufeld CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B303857 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA065160) |
| v. | |
| ROGER HENRY NEUFELD, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Dismissed.

Jenny M. Brandt, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————

A jury found Roger Henry Neufeld guilty of second degree robbery based on his theft of a candy bar from a convenience store and his subsequent interactions with the store's sales associate. (Pen. Code, § 211.)[1] In a bifurcated proceeding, the trial court found that Neufeld suffered two prior serious and/or violent felonies pursuant to section 667, subdivision (d) and suffered a prior serious felony pursuant to section 667, subdivision (a)(1). The trial court dismissed one of Neufeld's prior "strikes" pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*), and sentenced Neufeld to 11 years in state prison.

We affirmed the trial court's judgment and the Supreme Court denied Neufeld's petition for review in 2016. (*People v. Neufeld* (Sept. 16, 2016, B265952) [nonpub. opn.], review denied Dec. 14, 2016, S237938 (*Neufeld I*).)

In 2018—long after the judgment in this matter became final[2]—the Legislature enacted and the Governor signed Senate Bill No. 1393 (S.B. 1393), which amended sections 667 and 1385 to give a trial court discretion that it did not have before January 1, 2019 to strike certain prior serious felony conviction

---

[1] Further statutory references are to the Penal Code.

[2] " '[F]or the purpose of determining retroactive application of an amendment to a criminal statute, a judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed.' " (*People v. Vieira* (2005) 35 Cal.4th 264, 306.) "A petition for writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely" if filed with the clerk of the United States Supreme Court "within 90 days after entry of the order denying discretionary review." (U.S. Supreme Ct. Rules, rule 13.)

enhancements. (Stats. 2018, ch. 1013, §§ 1, 2.) In August 2019, Neufeld filed a petition for resentencing under S.B. 1393.

Concluding that it did not have jurisdiction to modify the sentence, the trial court denied Neufeld's petition. Neufeld raises two contentions on appeal. First, he argues that the Legislature intended S.B. 1393 to apply retroactively regardless of the finality of a conviction. Second, he argues that treating defendants whose convictions are final different from those whose convictions are not yet final for purposes of applying S.B. 1393 violates the equal protection clause of both the United States and California Constitutions. We disagree with Neufeld's contentions and will dismiss the appeal.

## BACKGROUND

On January 19, 2015, Neufeld entered a 7-Eleven store. (*Neufeld I*, *supra*, B265952, at p. 2.) As a sales associate watched him, Neufeld grabbed a candy bar and left the store without paying for it. (*Id.* at pp. 2-3.) The sales associate followed Neufeld out of the store and called to him. (*Id.* at p. 3.) Neufeld returned, initiated a confrontation, and left without paying for the candy bar. (*Ibid.*) After the confrontation ended, the sales associate called police, who arrested Neufeld. (*Ibid.*)

On June 18, 2015, a jury found Neufeld guilty of second degree robbery. (*Neufeld I*, *supra*, B265952, at p. 4.) "Pursuant to *Romero*, *supra*, 13 Cal.4th 497, Neufeld asked the court to strike his two prior felony convictions . . . ." (*Ibid.*) The trial court agreed to dismiss one prior conviction, but not both. (*Ibid.*) "On July 30, 2015, the court sentenced Neufeld to 11 years in state prison—the midterm of three years, doubled to six years pursuant to sections 1170.12 and 667, plus an additional five

3

consecutive years for his prior . . . conviction pursuant to section 667, subdivision (a)(1).  Neufeld timely appealed." (*Id.* at p. 5.)

We affirmed the trial court's judgment in an unpublished opinion on September 16, 2016.[3]  (*Neufeld I*, *supra*, B265952, at p. 21.)  The Supreme Court denied Neufeld's petition for review on December 14, 2016.  (*People v. Neufeld*, review denied Dec. 14, 2016, S237938.)

In 2018—almost two years after the Supreme Court denied Neufeld's petition for review—the Legislature enacted and the Governor signed S.B. 1393.  The legislation amended sections 667 and 1385 to give trial courts discretion to strike prior serious felony conviction enhancements that they did not have before January 1, 2019.  (Stats. 2018, ch. 1013, §§ 1, 2.)

In 2019, Neufeld petitioned the trial court for resentencing under S.B. 1393.  Concluding it lacked jurisdiction to consider Neufeld's petition, the trial court denied the petition.

We granted Neufeld's request to file a belated notice of appeal seeking review of the trial court's order.

## DISCUSSION
### A. Retroactive application of S.B. 1393

Neufeld argues in the first instance that the trial court had jurisdiction to consider his petition.  Neufeld's argument centers around the proposition that the Legislature intended for S.B. 1393 to apply to *all* cases retroactively, not just those with

---

[3] One member of the panel found "no evidence that Neufeld used force to take the candy bar," and would have "modif[ied] the judgment to reduce the conviction to the lesser included crime of theft, and direct[ed] the court to resentence Neufeld accordingly." (*Neufeld I*, *supra*, B265952 (dis. opn. of Rothschild, J. at pp. 1, 4).)

4

judgments that were not yet final as of the statute's effective date.

Relying on *In re Estrada* (1965) 63 Cal.2d 740, other courts have concluded that S.B. 1393 applies to cases not yet final as of January 1, 2019. (See, e.g., *People v. Garcia* (2018) 28 Cal.App.5th 961, 973; also *People v. Alexander* (2020) 45 Cal.App.5th 341, 345 (*Alexander*).) Quoting *People v. Woods* (2018) 19 Cal.App.5th 1080 (*Woods*) and referring to the "*Estrada* rule," Neufeld argues that "[w]here, as here, an 'amendment provides discretion to impose a lesser sentence, and because there is nothing in the amendment to suggest the Legislature intended it to apply prospectively only, the presumption that the amendment applies retroactively prevails."

*Estrada* does not apply here.

In *Estrada*, the Supreme Court explained that "[w]hen the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply. The amendatory act imposing the lighter punishment can be applied constitutionally to acts committed before its passage *provided the judgment convicting the defendant of the act is not final*." (*Estrada, supra*, 63 Cal.2d at p. 745, italics added.) In *Woods*, the court applied the *Estrada* presumption to remand a case for resentencing where the judgment was *not yet final*. (*Woods, supra*, 19 Cal.App.5th at p. 1091 ["the amendment to subdivision (h) of . . . section

5

12022.53 . . . will take effect before the judgment in this case is final"]; *Alexander*, *supra*, 45 Cal.App.5th at p. 345 ["the *Woods* defendant's case was on direct appeal [citation]–i.e., his conviction was not yet final"].)

Moreover, the Penal Code itself undermines Neufeld's argument, declaring that "[n]o part of it is retroactive, unless expressly so declared." (§ 3.) The Supreme Court's guidance about section 3 and specifically in the context of *Estrada* are no more helpful for Neufeld: "We have described section 3 . . . as codifying 'the time-honored principle . . . that in the absence of an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature . . . must have intended a retroactive application.' " (*People v. Brown* (2012) 54 Cal.4th 314, 319.) "*Estrada* is today properly understood, not as weakening or modifying the default rule of prospective operation codified in section 3, but rather as informing the rule's application in a specific context by articulating the reasonable presumption that a legislative act mitigating the punishment for a particular criminal offense is intended to apply to all *nonfinal judgments*." (*Id.* at p. 324, italics added.)

Nevertheless, Neufeld argues that the S.B. 1393's legislative history commands retroactive application to final judgments.

Specifically, Neufeld quotes from a bill analysis that points out that the mandatory enhancement at issue "has resulted in mandatory additional terms for thousands of individuals" and that "[t]his rigid and arbitrary system has meted out punishments that are disproportionate to the offense, which does not serve the interests of justice, public safety, or communities."

6

The quoted language continues, "SB 1393 . . . restore[s] the [trial] court's discretion, in the interest of justice, to strike a five-year sentence enhancement for each prior serious felony conviction on a person's record, when a person is currently convicted of a serious felony."  Neufeld relies on the bill analysis's reference to defendants "currently convicted" to support his retroactivity argument.  Neufeld also cites the Legislature's goal of reducing the prison population to save money.  Finally, Neufeld argues that he is the type of person the Legislature was considering when it enacted S.B. 1393; that his sentence is unjust because he "received an 11-year sentence for stealing a [candy bar] under circumstances where the force was described by [the dissenting opinion on direct appeal] as an 'invitation' to fight."

"[I]n the absence of a clear legislative intent to the contrary statutory enactments apply prospectively." (*Evangelatos v. Superior Court* (1988) 44 Cal.3d 1188, 1193-1194; accord *In re E.J.* (2010) 47 Cal.4th 1258, 1272.)  We agree with our colleagues in Division Six, who considered the same language when they decided *Alexander*, *supra*:  "these propositions are couched in such 'broad, general language' that we are reluctant to infer any retroactive intent from them." (*Alexander*, *supra*, 45 Cal.App.5th at p. 346.)  We reject Neufeld's arguments.

## B. Equal Protection

Neufeld also argues that the equal protection clauses of the United States and California Constitutions require that S.B. 1393 be applied to defendants whose judgments are final and nonfinal alike.

As an initial matter, Neufeld argues that an equal protection analysis should subject the applied distinction between retroactivity to nonfinal and final judgments to strict scrutiny.

7

Because Neufeld might be successful at convincing a trial court to strike a five-year enhancement that is no longer mandatory, he contends that the distinction implicates his fundamental right to liberty. "California courts have never accepted the general proposition that 'all criminal laws, because they may result in a defendant's incarceration, are perforce subject to strict judicial scrutiny.'" (*People v. Owens* (1997) 59 Cal.App.4th 798, 802.) More specifically, however, in the context of a different statute, our Supreme Court expressly rejected this argument: "A defendant . . . 'does not have a fundamental interest in a specific term of imprisonment . . . .'" (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838.)

Under the circumstances, "equal protection of the law is denied only where there is no 'rational relationship between the disparity of treatment and some legitimate governmental purpose.' [Citation.] In other words, the legislation survives constitutional scrutiny as long as there is ' "any reasonably conceivable state of facts that could provide a rational basis for the classification." ' [Citation.] This standard of rationality does not depend upon whether lawmakers ever actually articulated the purpose they sought to achieve." (*People v. Turnage* (2012) 55 Cal.4th 62, 74-75.)

Our colleagues in Division Six have considered and rejected the same arguments Neufeld presents here: "Our Supreme Court has recognized such a [rational] basis: 'assur[ing] that penal laws will maintain their desired deterrent effect by carrying out the original prescribed punishment as written.' [Citation.] This helps to 'deflect[ ] any assumption by offenders that future acts of lenity will necessarily benefit them.'" (*Alexander*, *supra*, 45 Cal.App.5th at pp. 346-347.)

8

We reject Neufeld's equal protection challenge and conclude that the trial court was correct when it determined it lacked jurisdiction to hear Neufeld's request for resentencing under S.B. 1393.

## C. **Appropriate disposition of this appeal**

Based on the trial court's lack of jurisdiction to hear Neufeld's motion the People contend we should dismiss this appeal.  We agree.

Where a trial court lacks jurisdiction to hear a motion, denial of the motion does not affect the defendant's substantial rights.  (*People v. Chlad* (1992) 6 Cal.App.4th 1719, 1726.)  An order that does not affect the defendant's substantial rights is not an appealable postjudgment order.  (*Ibid.*; accord *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208.)  We will dismiss the appeal.

### DISPOSITION

The appeal is dismissed.
NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.          FEDERMAN, J.[*]

---

[*] Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9