**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 11 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10364 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 3:18-cr-00554-WHA-1 |
| | 3:18-cr-00554-WHA |
| SHAPOUR MOTAMEDI, | |
| Defendant-Appellant, | MEMORANDUM[*] |
| and | |
| SHAYAN MOTAMEDI, | |
| Defendant, | |
| HERIBERTO MOISES LOPEZ, | |
| Defendant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10366 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 3:18-cr-00554-WHA-2 |
| | 3:18-cr-00554-WHA |
| SHAYAN MOTAMEDI, | |
| Defendant-Appellant, | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and

SHAPOUR MOTAMEDI; HERIBERTO
MOISES LOPEZ,

           Defendants.

---

UNITED STATES OF AMERICA,

           Plaintiff-Appellee,

  v.

HERIBERTO MOISES LOPEZ,

           Defendant-Appellant,

  and

SHAPOUR MOTAMEDI; SHAYAN
MOTAMEDI,

           Defendants.

No.    20-10367

D.C. Nos.
3:18-cr-00554-WHA-3
3:18-cr-00554-WHA

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted December 10, 2021
San Francisco, California

Before: WARDLAW, BRESS, and BUMATAY, Circuit Judges.
Concurrence by Judge BUMATAY

Shapour Motamedi, Shayan Motamedi, and Heriberto Moises Lopez

(collectively "Defendants") pleaded guilty to conspiracy to violate 42 U.S.C. §

1320a-7b(b), the "Anti-Kickback Statute." On appeal, they argue that their convictions should be vacated because a subsection of the Anti-Kickback Statute known as the "Safe Harbor Provision," 42 U.S.C. § 1320a-7b(b)(3)(E), violates the non-delegation doctrine. We have jurisdiction under 28 U.S.C. § 1291, and we affirm their convictions.

1.     The Safe Harbor Provision provides that the Secretary of Health and Human Services (HHS) may specify by regulation payment practices to which the "illegal remunerations" prohibitions shall not apply.  42 U.S.C. § 1320a-7b(b)(3)(E).  Thus, the Safe Harbor Provision delegates to the Secretary the ability to remove certain types of conduct from the scope of the offense defined by statute. Given the combined operation of the Anti-Kickback Statute and the Safe Harbor Provision, we conclude that Defendants are challenging their statute of conviction and thus have standing to assert their non-delegation argument.

2.     The delegation in the Safe Harbor Provision is constitutional, however, because Congress has supplied HHS with an "intelligible principle" to guide the Secretary's discretion in setting those bounds.[1] *United States v. Gundy*,

---

[1] Defendants argue that that we should dispense with the traditional "intelligible principle test" for determining whether a statute violates the non-delegation doctrine, and adopt the stricter test proposed by Justice Gorsuch in his dissent in *United State v. Gundy*, 139 S. Ct. 2116, 2129, *reh'g denied*, 140 S. Ct. 579 (2019). However, as the Defendants acknowledge, "[w]e are bound to follow a controlling Supreme Court precedent until it is explicitly overruled by that Court," and the

3

139 S. Ct. 2116, 2123 (plurality op.), *reh'g denied*, 140 S. Ct. 579 (2019).  Under modern precedent, the intelligible principle test imposes "an exceedingly modest limitation."  *United States v. Melgar-Diaz*, 2 F.4th 1263, 1266 (9th Cir. 2021); *see also Gundy*, 139 S. Ct. at 2129 (plurality op.) (explaining that the intelligible principle test is "not demanding").  For example, the Supreme Court has upheld the delegation of broad conferrals of authority to regulate "in the public interest," *National Broadcasting Co. v. United States*, 319 U.S. 190, 216 (1943), to set "fair and equitable prices," *Yakus v. United States*, 321 U.S. at 422, 427 (1944), to set "just and reasonable rates," *FPC v. Hope Natural Gas Co.*, 320 U.S. 591 (1944), and to issue air quality standards that are "requisite to protect the public health." *Whitman v. American Trucking Association*, 531 U.S. 457 (2001).

In this case, the instructions Congress provided to HHS are much more specific than the instructions the Supreme Court has upheld against non-delegation challenges.  Congress gave the Secretary a list of nine factors to consider when promulgating exceptions to the criminal prohibition under the Safe Harbor Provision.  *See* 42 U.S.C. § 1320a-7d(a)(2).  Those nine factors direct the Secretary to consider whether adding a safe harbor would improve the quality of healthcare

---

intelligible principle test remains the standard for determining whether the delegation of legislative power is constitutional.  *Nunez-Reyes v. Holder*, 646 F.3d 684, 692 (9th Cir. 2011); *see also Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc).

in the United States in general by doing things like improving "access to healthcare services," improving the "quality of health care services," and reducing incentives for doctors to "overutiliz[e]" healthcare services. *Id.* The delegation in the Safe Harbor Provision is, therefore, constitutional.

Defendants make two arguments in response, neither of which has merit. First, they argue that whatever guidance Congress provided in 42 U.S.C. § 1320a-7d(a)(2) is vitiated by the catchall section, § 1320a-7d(a)(2)(I), which permits the Secretary to consider "[a]ny other factors the Secretary deems appropriate in the interest of preventing fraud and abuse in Federal health care programs (as so defined)." They contend that this "catchall clause" allows the Secretary to consider anything she wants, so her discretion isn't cabined at all.

We disagree. For one, even considered in isolation, § 1320a-7d(a)(2)(I) provides an intelligible principle to guide the Secretary's discretion. The Secretary is directed to consider "other factors" to the extent that they serve the interest of preventing "fraud and abuse in Federal health care programs." 42 U.S.C. § 1320a-7d(a)(2)(I). That instruction reflects an intelligible principle: it is possible to evaluate whether a particular safe harbor promulgated by the Secretary is likely to prevent fraud and abuse or not. And again, that direction, even standing alone, is more stringent a guardrail than guidelines the Court has upheld in the past, such as

regulating "in the public interest," *National Broadcasting Co.*, 319 U.S. at 216, or setting "just and reasonable" rates, *Hope Natural Gas Co.*, 320 U.S. at 591.

Defendants also argue that even if 42 U.S.C. § 1320a-7d(a)(2) provides sufficient guidance in the context of a civil statute, Congress should be required to provide more guidance in the context of a criminal statute, relying on *Touby v. United States*, 500 U.S. 160 (1991). However, there, the Supreme Court said only that its case law was "not entirely clear as to whether more specific guidance is in fact required" in the context of a criminal statute, declining to resolve that question because the statute at issue "passe[d] muster even if greater congressional specificity is required in the criminal context." *Id.* at 166. Similarly here, we need not decide that question because, as discussed above, Section 7d(a)(2) clearly provides an intelligible principle which passes muster "even if greater congressional specificity is required in the criminal context." *Id*.

**AFFIRMED.**



*United States v. Motamedi, et al.*, Nos. 20-10364, 20-10366, 20-10367
BUMATAY, Circuit Judge, concurring:

I agree we should affirm the Appellants' convictions here, but I would do so without reaching the merits of their non-delegation claim. I thus concur in the judgment of the court only.

The Appellants were convicted of conspiracy to violate 42 U.S.C. § 1320a-7b(b)—the Anti-Kickback Statute. *See* 18 U.S.C. § 371. The Anti-Kickback Statute makes it a felony to receive or pay kickbacks, bribes, or rebates in return for purchasing "any item or service for which payment may be made in whole or in part under a Federal health care program." 42 U.S.C. § 1320a-7b(b)(1), (b)(2). The Statute, however, establishes various safe harbors to criminal liability. *See* 42 U.S.C. § 1320a-7b(b)(3). One of those safe harbors invites the Secretary of Health and Human Services to promulgate regulations exempting certain "payment practice[s]" from criminal liability under the Statute. 42 U.S.C. § 1320a-7b(b)(3)(E).

In yet another law, Congress provided criteria to HHS for establishing and modifying these safe harbors. 42 U.S.C. § 1320a-7d(a)(2). This law set out eight relatively specific factors for HHS to consider in adopting or amending a safe harbor regulation. *See* 42 U.S.C. § 1320a-7d(a)(2)(A)–(H). But the law ends with what's been called a "catchall provision"—permitting HHS to consider "[a]ny other factors the Secretary deems appropriate in the interest of preventing fraud and abuse in Federal health care programs." 42 U.S.C. § 1320a-7d(a)(2)(I). It is here that the

1

Appellants complain.

Appellants contend that this catchall provision grants HHS almost unfettered authority to decide which actions are criminal under the Anti-Kickback Statute with no meaningful congressional guidance. They claim that such a provision violates the non-delegation doctrine as traditionally understood, *see Mistretta v. United States*, 488 U.S. 361, 372 (1989), and especially under the robust non-delegation view articulated by Justice Gorsuch, *see Gundy v. United States*, 139 S. Ct. 2116, 2131 (2019) (Gorsuch, J., dissenting). They then ask us to reverse their convictions based on the violation of the non-delegation doctrine.

There's one problem with that: Assuming they are right—that the catchall provision provides no "intelligible principle" and thus Congress has unconstitutionally delegated its authority to HHS—the catchall provision is easily severable from the Anti-Kickback Statute. "Unless it is evident that the legislature would not have enacted those provisions which are within its power, independently of that which is not, the invalid part may be dropped if what is left is fully operative as law." *United States v. Taylor*, 693 F.2d 919, 921–22 (9th Cir. 1982) (quoting *United States v. Jackson*, 390 U.S. 570, 585 (1968)). Given the text, structure, and chronological development of the Anti-Kickback Statute and the safe harbor regulations, I find it unlikely that Congress would have chosen to discard the entire law prohibiting kickbacks if it could not also include the catchall provision for

establishing safe harbors.  *See id.* at 922.

So even if we were to strike the catchall provision as a violation of the non-delegation doctrine, the rest of the Anti-Kickback Statute would remain fully operative and Appellants' convictions under § 1320a-7b(b) and 18 U.S.C. § 371 would be untouched.  *Id.*  I thus join the majority in affirming their convictions.